# United States District Court
### Eastern District of Michigan

| | |
|---|---|
| United States of America | **ORDER OF DETENTION PENDING TRIAL** |
| v. | |
| Mouhamad Bazzi          / | Case Number: 06-20208 |
| Defendant | |

In accordance with the Bail Reform Act, 18 U.S.C. §3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I – Findings of Fact

❏ (1) I find that:

❏ there is probable cause to believe that the defendant has committed an offense

❏ for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. § 841 or 846;

❏ under 18 U.S.C. § 924(c).

❏ (2) I further find that the defendant has not rebutted the presumption established by finding that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings

✓ I find that the government has established by a preponderance of the evidence that there is a serious risk that the defendant will not appear.

✓ I find that the government has established by clear and convincing evidence that there is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II – Written Statement of Reasons for Detention

✓ I find that the credible testimony and information submitted at the hearing established the following factors under 18 U.S.C. § 3142(g):

Defendant is charged by Grand Jury Indictment with: Count I - Arson of Building Used in Interstate Commerce Resulting in Injury; and Count II - Mail Fraud. The offense involves the intentional burning of a family business which resulted in injuries to a firefighter. Count I is a crime of violence listed in 18 U.S.C. §2332b(g)(5)(B). Probable cause is established by reason of the Grand Jury Indictment. There is substantial evidence against this defendant in the testimony of four government witnesses.

Mr. Bazzi is a 19 year old male. He has two convictions under the Holmes Youthful Training Act (HYTA). A credit card fraud conviction resulted from defendant's use of a card which was stolen in the course of a home invasion. The defendant also was convicted of aiding a minor to violate the law. Since attaining the age of majority, Mr. Bazzi has been convicted of malicious destruction of property, resulting from an incident in which he shot the windows out of the victim's vehicle during a car chase. The

defendant also has a misdemeanor conviction for possession of marijuana.  Also troubling are several uncharged incidents of assaultive behavior, which include threats to government witnesses in this case.  A separate incident involved the alleged injury to a victim by the defendant striking him with his automobile.  It should be noted that a search of defendant's vehicle during the investigation of the credit card offense resulted in the seizure of weapons, including a knife, brass knuckles and handcuffs.  An unrelated search of defendant's residence yielded a shortened shotgun as well as ammunition in various calibers.  This defendant has been the subject of two personal protection orders.

At the time of the offense conduct, Mr. Bazzi was on probation in connection with two previous offenses.  A probation violation hearing is pending in one case, based on allegations of: (1) new criminal conduct; (2) failure to attend substance abuse counseling;  (3) failure to complete a work program; (4) failure to obtain a GED; and (5) failure to make restitution.  Furthermore, this defendant is the subject of two pending warrants for failure to appear in the 36th District Court on drug and impaired driving charges.  Defendant's abuse of controlled substances is confirmed by drug testing as well as his admission.

This defendant is a native of this district, and he has substantial family contacts in the Detroit area.  He also has minimal employment ($50.00 per week) by an older brother, who also makes payment on the defendant's automobile.

This defendant appears to be a child in a man's body.  His history of abusive and irresponsible conduct over the past two years is well documented in the Pretrial Services Report.  The charged conduct represents a clear threat to public safety, and did result in injury to a public servant.  Government witnesses have reported acts of intimidation directed against them by, or on behalf of, the defendant.  His history of multiple offenses, probation violations and failures to appear, combined with his minimal employment and property ties to this district and the severe penalties upon conviction, suggest that this defendant is a risk of non-appearance.  The nature and result of the charged offense, as well as a substantial body of evidence relating to the defendant's conduct over the past two years, suggests that he is a threat to the public, and specifically to the government witnesses in this case.  The court's Pretrial Services officer recommends detention on both flight risk and dangerousness grounds.  I find virtually nothing positive in Mr. Bazzi's history to this point, and I must concur with the Pretrial Services recommendation.  I have considered house arrest and electronic tether as alternatives, but I find that defendant's history of total irresponsibility, refusal to comply with court ordered restrictions and judicial process, and his aggressive behavior toward prosecution witnesses, totally undermines my confidence that less restrictive measures would secure his appearance, maintain the security of the public and the government's witnesses, and protect the integrity of the judicial process.

## Part III – Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

|  |  |
|---|---|
| Date: September 12, 2006 | s/Donald A. Scheer<br>*Signature of Judge*<br>Donald A. Scheer, United States Magistrate Judge<br>*Name and Title of Judge* |